RALPH J. CARROLL *v.* HARRY SCHWARTZ ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued June 12—decided July 25, 1940.

*Paul J. Grumbly,* with whom was *A. D. Slavitt,* for the appellants (defendants).

*A. A. Ribicoff,* with whom, on the brief, was *A. S. Borden,* for the appellee (plaintiff).

AVERY, J.   The plaintiff, Ralph J. Carroll, operating a meat and grocery store in Stamford, brought this action against Harry Schwartz and Irving Weitz, partners, operating retail meat and grocery stores in Stamford and Norwalk under the name of Budget Market. The plaintiff claimed that the defendants offered to sell and sold merchandise at less than cost with the intent to injure competitors or destroy competition and asked for an injunction.   A demurrer to the complaint was overruled and the defendants having refused to plead over judgment was entered in favor of the plaintiff, from which the defendants have appealed.   The sole question raised by the demurrer is that the provisions of the unfair sales practices law, 1939 Supplement to Connecticut General Statutes, § 922e, 923e, and 924e, are unconstitutional, being in violation of Section 1 of Article XIV of the Amendments to the Constitution of the United States.   Section 922e relates to definitions.   Sections 923e and 924e are printed in the footnote.[1]

---

[1] Sec. 923e.   ADVERTISING WITH INTENT TO INJURE COMPETITORS. No retailer shall, with intent to injure competitors or destroy competition, advertise, offer to sell or sell at retail any item of merchandise at less than cost to the retailer, and no wholesaler shall, with such intent, advertise, offer to sell or sell at wholesale any item of

An examination of these sections at once establishes that the law is not a penal statute. The only method of enforcement provided is by injunction at the suit of a party injured. It is further to be noted that it is not a price-fixing law. The law does not attempt to fix the price at which articles of merchandise shall be sold. The obvious purpose of the law is to create a right of action for injunctive relief in favor of a party aggrieved by the sale or offer of sale of merchandise by a competitor at less than cost with intent to injure competitors or destroy competition. In order to make out a case, the plaintiff must first show advertising or a sale or offer to sell merchandise at less than cost as defined in the law, and, second, that such

merchandise at less than cost to the wholesaler. Evidence of any advertisement, offer to sell or sale of any item of merchandise by any retailer or wholesaler at less than cost to him shall be prima facie evidence of intent to injure competitors or destroy competition. Upon the complaint of any person claiming to be injured, the superior court shall have jurisdiction to enjoin any such retailer or wholesaler from the commission of any act prohibited by the provisions of this chapter.

Sec. 924e. EXCEPTIONS. The provisions of this chapter shall not apply to advertising or offering to sell, or selling, at retail or at wholesale, if done with relation to (a) isolated transaction and not in the usual course of business; (b) closing out the owner's stock for the bona fide purpose of discontinuing dealing in any such commodity when plain· notice of such purpose shall have been given to the public, or marking down merchandise in an effort to sell the same after bona fide efforts to sell the same prior to such markdown; (c) sale of perishable merchandise when such sale shall be required immediately in order to forestall loss; (d) advertising or offering for sale of merchandise which is imperfect or damaged, if it be advertised or offered for sale as such and marked and sold as such; (e) advertising or offering for sale or selling any business upon the final liquidation thereof; (f) advertising or offering for sale or selling merchandise for charitable purposes or to relief agencies; (g) sale of merchandise on contract to any department, board or commission of the state or of any political subdivision thereof, or to any institution maintained thereby or (h) advertising or offering for sale or sale of merchandise by any fiduciary or other officer acting under the order or direction of any court.

sale or offer to sell was with the intent to injure competitors or destroy competition. It is to be further noted that under this law numerous exceptions are provided. Sales at less than cost are permitted under many circumstances enumerated in § 924e. The obvious purpose of this legislation, as its title implies, is to prevent unfair competition by making or offering to make sales at less than cost for the purpose of attracting business away from a competitor, driving him out of business and stifling competition.

It is possible, unless restrained by law, for a powerful merchandiser with large resources to continue to sell at a loss in a community and thereby drive weaker competitors out of the market, establish a monopoly, and mulct the public. It is not the concern of the courts to pass upon the economic advantages or disadvantages of particular acts of legislation. Such matters are for the legislature to determine. They come within the purview of the state's police power. The only function of the court is to determine whether the object of the legislative enactment is within the power of the legislature, and, if so, whether the statute bears a reasonable and substantial relation to the object sought to be accomplished and is not arbitrary or discriminatory. If the answer is in the affirmative, the requirement of due process is met. This principle has been announced by the Supreme Court of the United States in this language: "But there can be no doubt that upon proper occasion and by appropriate measures the state may regulate a business in any of its aspects, including the prices to be charged for the products or commodities it sells. So far as the requirement of due process is concerned, and in the absence of other constitutional restriction, a state is free to adopt whatever economic policy may reasonably be deemed to promote public welfare, and

to enforce that policy by legislation adapted to its purpose. The courts are without authority either to declare such policy, or, when it is declared by the legislature, to override it. If the laws passed are seen to have a reasonable relation to a proper legislative purpose, and are neither arbitrary nor discriminatory, the requirements of due process are satisfied, and judicial determination to that effect renders a court *functus officio*. 'Whether the free operation of the normal laws of competition is a wise and wholesome rule for trade and commerce is an economic question which this court need not consider or determine.' *Northern Securities Co.* v. *United States,* 193 U. S. 197, 337-8 [24 Sup. Ct. 436]. And it is equally clear that if the legislative policy be to curb unrestrained and harmful competition by measures which are not arbitrary or discriminatory it does not lie with the courts to determine that the rule is unwise. With the wisdom of the policy adopted, with the adequacy or practicability of the law enacted to forward it, the courts are both incompetent and unauthorized to deal." *Nebbia* v. *New York,* 291 U. S. 502, 537, 54 Sup. Ct. 505.

Laws prohibiting sales at less than cost have been held unconstitutional by some courts. *State* v. *Packard-Bamberger & Co., Inc.,* 123 N. J. L. 180, 8 Atl. (2d) 291; *Commonwealth* v. *Zasloff,* 338 Pa. 457, 13 Atl. (2d) 67, 70. The New Jersey and Pennsylvania laws which were held unconstitutional in these cases prohibited such sales and differed in that respect from our law which only operates upon such sales when made with intent to injure a competitor or suppress competition. In *Daniel Loughran Co., Inc.* v. *Lord Baltimore Candy & Tobacco Co., Inc.,* 178 Md. 38, 12 Atl. (2d) 201, 203, a penal law of Maryland, somewhat similar in its terms to our own, was held unconstitutional, principally upon the ground that it established no

sufficiently definite criterion for determining the cost at which an article might be sold. See also *Great Atlantic & Pacific Tea Co.* v. *Ervin,* 23 Fed. Supp. 70, 76, where a statute of the State of Minnesota was held unconstitutional by the federal District Court for that district upon grounds not involving the power of the legislature to act upon the subject matter, but because the court regarded that the means adopted were not consistent with the requirements of due process of law. On the other hand, laws substantially similar to our own have been generally sustained. *Central Lumber Co.* v. *South Dakota,* 226 U. S. 157, 33 Sup. Ct. 66, 24 S. D. 136, 123 N. W. 504, 42 L. R. A. (N. S.) 804; *Associated Merchants of Montana* v. *Ormesher,* 107 Mont. 530, 86 Pac. (2d) 1031, 1033; *State* v. *Langley,* 53 Wyo. 332, 84 Pac. (2d) 767, 772; *Rust* v. *Griggs,* 172 Tenn. 565, 113 S. W. (2d) 733, 735; and see also the exhaustive opinion in *Wholesale Tobacco Dealers Bureau* v. *National Candy & Tobacco Co.,* 11 Cal. (2d) 634, 643, 82 Pac. (2d) 3, and note, 118 A. L. R. 506. On the whole, we are of the opinion that the unfair sales practices law of this state is legislation within the scope of the police power.

The defendant especially assails the provision of the statute which makes proof of an offer to sell or sale at less than the cost prima facie evidence of intent to injure competitors or destroy competition. Whether this particular provision of the statute is in violation of the constitutional requirement of due process is not free from doubt. *Great Atlantic & Pacific Tea Co.* v. *Ervin,* supra, 81; *McFarland* v. *American Sugar Co.,* 241 U. S. 79, 86, 36 Sup. Ct. 498; *Morrison* v. *California,* 291 U. S. 82, 88, 89, 54 Sup. Ct. 281. The part of the statute dealing with the presumption is procedural in its nature and, even if it were held to be invalid, is a separable provision, and the main body of

the statute would not be invalidated thereby, however much more difficult proof of requisite intent might be rendered. *State* v. *Wheeler,* 25 Conn. 290, 298; *Branch* v. *Lewerenz,* 75 Conn. 319, 324, 53 Atl. 658; *Beach* v. *Bradstreet,* 85 Conn. 344, 352, 82 Atl. 1030; *State* v. *Kievman,* 116 Conn. 458, 462, 165 Atl. 601. However, the question of the unconstitutionality of this provision of the statute is not before us in this case, the appeal being from a judgment entered after a demurrer overruled. In the complaint it was distinctly alleged that the acts of the defendant set forth therein were done with the intent to injure competitors or destroy competition. The effect of the demurrer is to admit this allegation. In this case, no place for the application of the presumption arose; opportunity for such application could only arise in a trial on the merits and its validity could not be called in question before this court on appeal unless it appeared on the record that the presumption had been relied upon at the trial of a case. Consequently, we express no opinion as to the constitutional validity of this particular part of the statute.

There is no error.

In this opinion the other judges concurred.