The People of the State of New York, Plaintiff, *v.* Moses Gurevich, Defendant.

Court of Special Sessions of the City of New York, New York County, October 28, 1947.

*Nathaniel L. Goldstein, Attorney-General (Sidney Tartikoff and John J. Calanese of counsel), for plaintiff.*

*Paul A. Fino for defendant.*

Cooper, P. J.   We declare illegal and unqualifiedly condemn the practices pursued as a result of the grossly improper alliance entered into between the defendant, a dental mechanic, and a licensed dentist whereby the safeguards guaranteed the dental patient by law are thrown to the winds.

The record in this case overwhelmingly establishes that the defendant undertook, among other things, to construct a dental plate by making the impression or cast himself and by personally inserting, fitting and adjusting the dental plate which he constructed.  All this he did with the knowledge and consent of a licensed dentist who occupied offices across the hall from defendant's laboratory.

Both violated the law, for the mechanic undertook the performance of processes solely within the jurisdiction of a licensed dentist; the dentist in turn was without legal warrant to confer upon one not so licensed, and therefore unqualified, the right

to encroach upon a field of action solely reserved by law to dentists alone. By so doing both totally disregarded the protection with which the law surrounds the public — that very same protection which gave rise in the first place to the legislative enactments relating to the licensing of dentists.

While the dental mechanic is permitted to perform mechanical work upon inert matter only, he is not required to pass any prescribed standards; he is neither registered nor licensed. The law forbids him to go further. To say otherwise would be to permit, for instance, a druggist, who has greater standing in the eyes of the law than the dental mechanic in that he has fulfilled certain legal requirements and thereby licensed, not alone to fill the doctor's prescription, but, in addition, to diagnose and prescribe for a human ailment.

The court is reliably informed that the illegal practices here complained of are quite common, and therefore takes this opportunity to point out that not alone are they in contravention of the criminal law, but the licensed dentist thereby imperils the privileges which come only with his license intact.

Ethical practitioners in the dental profession — and they are in the majority by far and deserve the law's broadest smile of approval and maximum support and protection — are quick to deplore these illegal practices and hold that in addition to all else they violate the tenets of their profession. More is expected of them, however. Only through vigilant and accredited dental organizations can such practices be stopped. As with accredited organizations in all professions, a dental society is in the best position to know in what manner and to what extent violations of professional standards take place. In this respect, history has revealed repeatedly that the degree of successful law enforcement has a direct bearing upon the overt, substantial and genuinely enthusiastic support received from such professional organizations. To do less is to incur public distrust. No substitute exists.

Whatever differences of opinion may exist between members of the dental profession in respect of the extent of the functions of dental mechanics, let there be no mistake about this: The law — both civil and criminal — does not countenance the slightest invasion by either or both upon the fullest protection to which the public is guaranteed. Professional care means exactly that; the law tolerates nothing less.

FARRELL and DOYLE, JJ., concur.