ORLANDO GIONFRIDDO ET AL. *v.* TOWN OF WINDSOR ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and TROLAND, Js.

Argued April 4—decided May 22, 1951

*Frank A. Francis,* with whom were *John J. Devine* and *Edward J. Turbert, Jr.,* for the plaintiff.

*Henry P. Bakewell,* with whom, on the brief, was *Hugh M. Alcorn, Jr.,* for the defendant.

JENNINGS, J. The stipulated facts determinative of the issue stated above are as follows: The plaintiff Michelina Gionfriddo is the owner of premises in a business zone in Windsor which are used by the plaintiff Orlando Gionfriddo, lessee, for the sale and display of used cars. The defendants are the town of Windsor and its zoning commission. Building zone regulations were adopted by the commission on July 3, 1931, pursuant to the authority of a special act. 21 Spec. Laws 275, No. 305. Under § 15(7) of the regulations, the board of zoning appeals may in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, "Permit in a Business Zone the construction, extension, alteration or conversion of a building intended for the storage or repair of motor vehicles, or for a motor vehicle or gas filling station, but no new garage, motor vehicle repair station, shall be permitted within a distance of 200 feet of an entrance or exit of a public or private school, playground, public library, hospital, children's home or church." On September 15, 1939, the commission duly adopted an amendment to § 6 of the regulations as follows: "Under no circumstances shall a permit be issued for the sale or display of new or used motor vehicles in any open lot or portion thereof, or for the

business of a motor vehicle junk yard, in any zone." In 1946, Orlando applied for and was granted permission to erect a gasoline station and store. In 1947 he applied for permission to convert and use the filling station for the sale and repair of motor vehicles. This application was granted subject to the condition of the amendment to § 6 quoted above. No appeal was taken. As a result of the restriction so imposed, the plaintiffs have, since August 24, 1948, been prohibited from displaying on their premises new or used cars for sale, under the penalties set forth in the special act. 21 Spec. Laws 279, § 10.

The advice of this court is asked on eight questions. They may be summarized as follows: (1) Is the amendment unconstitutional as violative of the due process provisions of §§ 1 and 12 of article first of the constitution of Connecticut and § 1 of the fourteenth amendment to the federal constitution? (2) Are the plaintiffs proper parties under the circumstances disclosed by the stipulated facts?

The plaintiffs are proper parties. The fact that Orlando sought a permit under the ordinance does not preclude his attack thereon in an independent proceeding. *Strain* v. *Zoning Board of Appeals*, 137 Conn. 36, 40, 74 A. 2d 462; *National Transportation Co.* v. *Toquet*, 123 Conn. 468, 478, 196 A. 344. Michelina's interest is obvious. If a violation of the ordinance occurred on her property, she was liable to a fine and possibly to imprisonment. Windsor Building Zone Regs. § 18; 21 Spec. Laws 279, § 10. In declaratory judgment actions, all persons who have an interest in the subject matter should be made parties. Practice Book § 250(d). The answer to the second question is "Yes."

There probably was a time when the statement, found in many cases, that any citizen has the right to

engage in any ordinary lawful business was true. *State v. Conlon,* 65 Conn. 478, 486, 33 A. 519; *State v. Feingold,* 77 Conn. 326, 330, 59 A. 211; *Perdue v. Zoning Board of Appeals,* 118 Conn. 174, 179, 171 A. 26. Recent decisions reflect the increasing interference by the state with private rights under the guise of regulation in the public interest. Be that as it may, it is to be noted that the ordinance under examination is not regulatory but prohibitory.

Laws which prohibit activities obviously dangerous or detrimental to public welfare, safety, health or morals are universally sustained. *State v. Heller,* 123 Conn. 492, 495, 196 A. 337; *Seaboard Air Line Ry. v. North Carolina,* 245 U. S. 298, 304, 38 S. Ct. 96, 62 L. Ed. 299. Activities which may reasonably be expected to have that effect may also be prohibited. *Murphy, Inc. v. Westport,* 131 Conn. 292, 40 A. 2d 177. The case last cited is very similar to that at bar. An ordinance of Westport prohibited billboards in its business districts unless the billboards referred to business conducted on the property on which they stood. The trial court found the ordinance unconstitutional. The subject was examined exhaustively in this court, and the conclusion was reached that since billboards might prove dangerous to travelers through insecure construction or obstruction to view and might increase fire hazards or serve as places of concealment for criminals the ordinance prohibiting them could not be held unconstitutional on the stipulated facts. The case was sent back for a new trial to develop further findings.

The case at bar also suffers from a lack of facts. If the ordinance merely forbade automobile junk yards, it could probably not be found unconstitutional on the stipulated facts, because the detrimental effects of such installations are so well known as to be the subject of judicial notice. See *State v. Kievman,* 116 Conn. 458,

465, 165 A. 601. Judicial notice was the basis of the decision in *Murphy, Inc.* v. *Westport,* supra, 295. The ordinance in question prohibited the display for sale of even one new car on the lot. It is not apparent how such an act could affect property values or the health, safety, morals or even the esthetic sensibilities of the people of Windsor. If the last statement is questioned, the answer is that in Connecticut esthetic conditions alone are insufficient to support the invocation of the police power. *Murphy, Inc.* v. *Westport,* supra, 296, 300.

It is true that it is our duty, "in the exercise of great care and caution, to make every presumption and intendment in favor of the validity of the statute, and to sustain it unless its invalidity is beyond a reasonable doubt." *State* v. *Heller,* 123 Conn. 492, 498, 196 A. 337. The state and federal constitutional provisions involved have been held to be substantially synonymous. *New Haven Metal & Heating Supply Co.* v. *Danaher,* 128 Conn. 213, 219, 21 A. 2d 383. They require that regulations such as that in question must bear "a rational relation to the subjects which fall fairly within the police power." *State* v. *Hillman,* 110 Conn. 92, 105, 147 A. 294. The application of this principle to various states of fact has been fully discussed in many recent Connecticut cases, most of which are reviewed in *Murphy, Inc.* v. *Westport,* supra.

The law under which the Windsor zoning commission acted in passing the amendment to § 6 is very broad. It authorizes the commission to specify "the uses that shall be excluded" in the several zones and provides that in imposing such restrictions the commissioner's "regulations shall be made with reasonable consideration as to the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such

town." 21 Spec. Laws 276. Very similar provisions were considered in *State* v. *Hillman,* supra. It is apparent from the discussion in the latter case that the only possible claim which could be made for the constitutionality of the ordinance in question would be under that feature of the police power which permits restrictions on the use of property for the purpose of promoting the economic welfare of the community by stabilizing real estate values. It is not reasonable to assume that the absolute prohibition of the display of any new or used automobiles in an open lot in any zone is necessary to protect these values. It follows that such an all-inclusive prohibition is not reasonably related to the exercise of that factor of the police power under which it alone could be justified.

In accordance with the cogent reasoning of Judge Beach in *State* v. *Porter,* 94 Conn. 639, 642, 110 A. 59, we are constrained to hold that the ordinance in question in its present form is an "unwarranted and arbitary interference with the constitutional rights to carry on a lawful business." *Dobbins* v. *Los Angeles,* 195 U. S. 223, 236, 25 S. Ct. 18, 49 L. Ed. 169. The last is a comparatively early case but has been cited with approval in *Burns Baking Co.* v. *Bryan,* 264 U. S. 504, 513, 44 S. Ct. 412, 68 L. Ed. 813, and *Nashville C. & St. L. Ry. Co.* v. *Walters,* 294 U. S. 405, 415, 55 S. Ct. 486, 79 L. Ed. 949, and has not been overruled. The burden of proof was on the plaintiffs; *Murphy, Inc.* v. *Westport,* supra, 302; but the terms of this ordinance itself are sufficient to sustain that burden. The ordinance is too broad.

The defendants claim that, even if the amendment to § 6 is unconstitutional, the order issued by the board was valid under § 15(7) of the building zone regulations, quoted above. The plaintiffs were not seeking a permit to store and sell automobiles in the open when

they applied under § 15(7). They were asking for a permit to convert a building for the sale and repair of motor vehicles. This section had nothing to do with the storage or sale of cars in the open. It did not in itself authorize the imposition of any restrictions on storage or sale outside of the building. The only authority which the board could possibly have had for the imposition of the restriction lay in § 6. This is evident from the terms of the notice sent Orlando. Our decision is confined to the issues made by the stipulation for reservation.

No sufficient purpose would be served by giving specific answers to the questions in the reservation. We advise that the plaintiffs are proper parties, that they are entitled to relief by declaratory judgment and that the amendment of September 15, 1939, to § 6 of the Windsor building zone regulations is unconstitutional and void.

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.