William W. Watson *v.* Stanley Gradzik et al.

Court of Common Pleas    New Haven County    File No. 106641

Memorandum filed March 8, 1977

*William J. Cousins,* for the plaintiff.

*Thomas N. Wies,* for the defendants.

Allen, J.   The plaintiff brings suit against the parents of an unemancipated minor for wrongful conversion of the plaintiff's property.   Section 52-572 of the General Statutes provides that the parents of an unemancipated minor who wilfully or maliciously causes damage to any property shall be liable for that damage to an amount not to exceed $1500 if the minor would have been liable for the damage if he had been an adult.   According to the statute "damage" includes depriving the owner of his property.   The defendants demur to the complaint on the ground that the statute is unconstitutional.

It is well settled that a defendant who attacks a statute on constitutional grounds has no easy burden. *Kellems* v. *Brown,* 163 Conn. 478.   "When the constitutionality of legislation is in question, it is the duty of the court to sustain it unless its invalidity is beyond a reasonable doubt. . . . It is a rule of statutory construction . . . that courts are bound to assume that the legislature, in enacting a particular law, did so upon proper motives and to accomplish a worthy objective. . . . Furthermore, courts must, if possible, construe a law so

that it is effective. . . . It is to be presumed that legislatures do not deliberately enact ineffective and unconstitutional laws." *Amsel* v. *Brooks,* 141 Conn. 288, 294; see *Whitfield* v. *Empire Mutual Ins. Co.,* 167 Conn. 499, 507. "Because of the separation of powers, one claiming that a legislative enactment is invalid on the ground that it is unconstitutional must establish its invalidity on that ground beyond a reasonable doubt. . . . A corollary of this rule is that a plaintiff, in challenging the constitutionality of a statute, must sustain the burden of proving that the effect or impact of the challenged statute on him adversely affects a constitutionally protected right which he has." *Adams* v. *Rubinow,* 157 Conn. 150, 152.

The defendants claim that when a statute restricts fundamental rights guaranteed by the constitution it must be subjected to strict judicial scrutiny to determine its constitutionality. They claim that although a validly enacted statute ordinarily carries with it the presumption of constitutionality, that presumption vanishes once it appears that the law interferes with a fundamental constitutional right. The defendants claim that the passing of § 52-572 interferes with the fundamental right to bear and raise children. The court cannot accept the defendants' premise that the fundamental right to bear and raise children has been interfered with merely because a parent is held responsible for his child's torts. With the right to bear and raise children comes the responsibility to see that one's children are properly raised so that the rights of other people are protected.

"Parents and those in loco parentis, through consanguinity or affinity, not only have a deep, immediate and personal interest in the welfare of their children and wards but, under law, may enforce correction for the unruly conduct of their charges

and compel obedience in all matters, whether of a legal, moral or familial nature." *State* v. *Hughes,* 3 Conn. Cir. Ct. 181, 192–93. Because parents do have the authority to compel obedience of their children, it would not seem unreasonable to hold them responsible for exercising that authority.

The defendants claim that the purpose of § 52-572 is either to control delinquent behavior or to compensate the victims of that behavior, or both. They say that § 52-572 does not use means reasonably necessary for or rationally related to that purpose. Police legislation is subject to the test of whether it serves the public health, safety and morals at all and of whether it does so in a reasonable manner. "The regulation and prohibition it imposes must have a rational relationship to the preservation and promotion of the public welfare." *Amsel* v. *Brooks,* 141 Conn. 288, 295. But it is up to the defendants to prove that the statute does not serve the public health, safety, and morals, or that it does not do so in a reasonable manner. The defendants have failed to meet that burden of proof.

Similar statutes have been passed in a majority of the other states, and in only one, as far as the court is aware, has such a statute been held unconstitutional. The case of *Corley* v. *Lewless,* 227 Ga. 745, as relied upon by the defendants, appears to be the only authority which found a parental responsibility law repugnant to constitutional principles. It should be noted, however, that the Georgia statute which was under attack, unlike the Connecticut statute, had no limitation on dollar liability.

The case of *General Ins. Co.* v. *Faulkner,* 259 N.C. 317, held that a similar statute in North Carolina was constitutional, and this court is persuaded by the arguments set forth therein. That case

quotes at length from a University of Kansas City Law Review article in respect to this type of legislation. " '[T]hese statutes resemble in their purpose the various "family car" statutes that have been on the books for many years. Without going into any great detail, the constitutionality of these "family car" statutes seems to rest on a balancing of the public interest and the individual interest. With the public interest held paramount the courts have found such statutes as being within the police power of the state. There seems to be no valid reason that the courts would hold otherwise on the "vandalism" statutes. It seems fair and equitable to put the responsibility on the parent who may be at least partly to blame for the child's conduct, rather than the innocent injured party.' " *General Ins. Co.* v. *Faulkner,* supra, 322–23, quoting from 28 U. Kan. City L. Rev. 186–87.

Also, the court is persuaded by the argument set forth by a Texas court, which held a similar statute constitutional. It quoted from the Villanova Law Review as follows: " '[I]n all fairness, it is better that the parents of these young tort feasors be required to compensate those who are damaged, even though the parents be without fault, rather than to let the loss fall upon the innocent victims.' " *Kelly* v. *Williams,* 346 S.W.2d 434, 438, quoting from 3 Vill. L. Rev. 529.

The legislature passed this statute for two apparent reasons. One reason is to deter juvenile delinquency by placing upon the parent the obligation to control his minor child so as to prevent him from intentionally harming others. *Gillespie* v. *Gallant,* 24 Conn. Sup. 357; *Lutteman* v. *Martin,* 20 Conn. Sup. 371. The other is to compensate innocent victims for the damage caused by minor tortfeasors. The court is of the opinion that the regu-

lation has a rational relationship to the preservation and promotion of the public welfare and that the defendants have failed to prove otherwise. The court holds the statute to be constitutional.

The defendants' demurrer is overruled.