SENTELL, Clerk.
Mr. Devon Kiker, the Clerk of the Circuit and District Courts of Russell County, Alabama, has submitted to me several questions concerning Rule 18 of the Alabama Rules of Judicial Administration. Rule 18(II)(A)(2)(d) of the Alabama Rules of Judicial Administration, states:
Any judges of a court inferior to the circuit court in any county, municipal judges excluded, who are not qualified under the provisions of Amendment 328 to the Constitution of Alabama to continue to be a judge and whose judgeship is abolished by said Amendment 328 prior to the expiration of his term, may elect to automatically become a magistrate for the duration of his unexpired term as a judge, provided such election is made in writing and filed with the secretary of state prior to January 1, 1977.
Section A(3) of the same rule states, in part:
“Magistrates shall be considered the chief officers of the district court magistrates agency, subject to the administrative direction of the clerk of the district court.” (Emphasis supplied)
Mr. Kiker asks the following questions:
(1) Does Section A(3) of the rule place a magistrate who has acquired the office in accordance with (A)(2)(d) of the rule under the administrative direction of the clerk of the district court?
(2) If the answer to No. 1 is in the affirmative, what is the definition of the words, “administrative direction,” as used in Section (A)(3)?
(3) Does the phrase, “administrative direction,” provide the authority for the clerk of the district court to require the magistrate to maintain regular office hours as well as designate the office from which the magistrate shall operate?
(4) Does the district court clerk have authority to take disciplinary action, such as suspension without pay, against the magistrate for failing to report to the office assigned by the district court clerk or for refusing to maintain any type of regular office hours?
(5)Does the district court clerk have the authority to remove the magistrate from office for refusing to report to the assigned office or to maintain any type of regular office hours?
This opinion of the Clerk is given pursuant to § 12-2-19(d), Code of Alabama, 1975.
The provisions of Rule 18(II)(A)(2)(d) are the same as § 12-17-253, Code of Alabama, 1975. This Rule, in providing that a judge whose judgeship is abolished by Amendment 328 prior to the expiration of the term may automatically become a magistrate for the duration of his unexpired term as a judge does not qualify, describe or limit the term, “magistrate.” A judge who elects to become a magistrate under Rule 18(II)(A)(2)(d) is subject to the provisions of Section A(3). It is my opinion that a judge who becomes a magistrate under Rule 18(II)(A)(2)(d) is under the administrative direction of the clerk of the district court.
II
A pertinent definition of “administrative” is:
“Pertaining to, or dealing with, the conduct or management of affairs; executive.”
The Oxford English Dictionary, 1961.
An apt definition of “direction” is: “Guidance or supervision of action, conduct or operation.”
Webster’s Third International Dictionary, 1976.
Also see Fluet v. McCabe, Supreme Judicial Court of Massachusetts, 299 Mass. 173, 12 N.E.2d 89, 93, and Amsel v. Brooks, 141 Conn. 288, 106 A.2d 152.
“Administrative” has also been defined as follows:
“ ‘Commonly the word has been defined as ministerial; pertaining to administration, particularly, having the character of *1062 executive or ministerial action; and when particularly applied to official duties connected with government, executive, a ministerial duty; one in which nothing is left to discretion.’ ” Maurtz v. Schwind, Tex.Civ.App., 101 S.W.2d 1085, 1090 (1937).
III
“Administrative direction” may be defined as “supervision of action, conduct or operation in the performance of prescribed duties in which nothing is left to the discretion of the officer or employee.” The phrase, “subject to the administrative direction of the clerk of the district court,” in Rule 18(II)(A)(3) should be considered in the light of §§ 12-17-250 and 251 of the Code of 1975. Section 12-17-250, Code of 1975, provides that “the district court shall have under its supervision a district court administrative agency . . . ” and § 12-17-251 provides that the magistrates shall be considered the chief officers of such administrative agency subject to the administrative direction of the clerk of the district court.
An example of the administrative function is the assignment of teachers in the school system by a board of education in State v. Board of Education of Fairfield, 252 Ala. 254, 260, 40 So.2d 689.
Section 12-17—252 provides that the Supreme Court shall provide rules of administration for such administrative agency.
The phrase, “subject to the administrative direction of the clerk of the district court,” gives authority for the clerk of the district court to require the magistrate to maintain regular office hours as well as designate the office from which the magistrate shall operate.
IV
Does the district court clerk have the authority to take disciplinary action, such as suspension without pay, against the magistrate for failing to report to the office assigned by the district court clerk or for refusing to maintain any type of regular office hours?
I find no authority for the district court clerk to take disciplinary action, such as suspension without pay, against the magistrate for failing to report to the office assigned by the district court clerk, or for refusing to maintain any type of regular office hours.
Rule 41, Alabama Rules of Judicial Administration, provides for contempt proceedings against any official, officer or employee of the Unified Trial Court System subject to the rules for willful noncompliance with any material or substantial requirement of the rules.
V
It is my opinion that the district court clerk does not have the authority to remove the magistrates, who become magistrates under Rule 18(II)(A)(2)(d) of the Alabama Rules of Judicial Administration, from office for refusing to report to the assigned office or to maintain any type of regular office hours.
Rule 18(1) provides that “the persons and classes of persons who constitute the magistrates agency herein created shall serve at the pleasure of the appointing authority, except as otherwise provided herein, . . ” The district clerk is not the appointing authority for the magistrates who qualify under Rule 18(II)(A)(2)(d). Rule 18(II)(A)(2)(d) provides that the judge whose judgeship is abolished may elect to automatically become a magistrate for the duration of his unexpired term as a judge.