HARRY NICHOLS *vs.* CORNELIUS PECK.

HARRY NICHOLS *vs.* FRANK HUTCHINSON.

HARRY NICHOLS *vs.* LEVI HUTCHINSON.

First Judicial District, Hartford, March Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The owner of a right of way may do whatever is reasonably necessary to make the way suitable and convenient for his use; but cannot justify a material deviation from the established route, merely because its entrance has become impassable owing to a lawful change in the grade of the highway.

A way by prescription which runs in a defined course to a fixed point, is no more subject to variation by parol agreements or by acts and conduct, than if it had been created and so described by deed.

As matter of law, a way opening upon a highway through a certain gate cannot be regarded as substantially identical with a way joining a highway through another gate seventy feet distant.

A conclusion as to an ultimate fact, drawn from certain specified evidential facts which are legally incompetent to support it, is a proper subject of review on proceedings in error.

The defendant, having a right of way by prescription over a farm which the plaintiff contemplated buying, was asked by the plaintiff, if he, the defendant, had " a regular right of way " over it, and answered in the negative. He was not informed of the purpose of the inquiry and had no intention of misleading the plaintiff; nor did it appear that the latter relied upon the statement in purchasing the farm. *Held* that under these circumstances the defendant was not estopped by his reply from asserting his right of way.

Where a trespass *quare clausum fregit* is jointly committed, the wrong-doers should ordinarily be sued jointly, and if sued severally, without due cause, the actions should be consolidated.

[Argued March 1st—decided March 24th, 1898.]

ACTION in the nature of trespass *quare clausum fregit*, brought originally before a justice of the peace and thence by the plaintiff's appeal to the Court of Common Pleas for Hartford County, and tried to the court, *Calhoun, J. ;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the ruling of the court. *Error and new trial granted.*

Two other cases—*Nichols* v. *Frank Hutchinson* and *Nichols* v. *Levi Hutchinson*—identical in their facts, were tried and argued with the foregoing case.

In the Court of Common Pleas the defendant in each case pleaded in justification a right of way by prescription in favor of the defendant Peck, under whose instructions the other defendants made their entry. This way extended from the highway to a lot owned by the defendant Peck, known as the Jones lot. The reply denied any such right, but admitted that the defendant Peck owned the Jones lot, and that there was no mode of access to it except over the plaintiff's land. It also set up, as an estoppel *in pais*, that the plaintiff bought his land in 1892 on Peck's assurance that he did not claim any right of way over it to the Jones lot.

The facts were specially found, and are sufficiently stated in the opinion.

*Cornelius J. Danaher*, for the appellant (plaintiff).

*Charles H. Sawyer*, for the appellee (defendant).

BALDWIN, J. In 1885 the defendant Peck had acquired, by an adverse user of forty years, a prescriptive right to a way about forty-three rods in length, over a farm now owned by the plaintiff, between a certain lot called the Jones lot, which was wholly inclosed by that farm, and the highway. The way was not defined by any worn track, but had always been traveled in substantially the same course, running for half its length through a narrow swale, and connecting with the highway through a certain bar-way. In that year the grade of the highway was so lowered by the town authorities as to make the bar-way useless, whereupon the then owner of the farm closed it, and opened a new entrance from the highway, by a bar-way set over seventy feet south of that formerly existing. For seven years thereafter the defendant used the new bar-way as belonging to his way, adversely, under a claim of right. Then the plaintiff bought the farm, and for four years more Peck continued to use the new bar-way, with his express approval. At the end of that period the plaintiff chained up and padlocked the gate of the bar-way, and now sues Peck for breaking the chain in order to get access to his lot.

The owner of land which is subject to a right of way, is not bound (unless by virtue of some agreement) to keep the way in repair, or to be at any expense to maintain it in a passable condition. The owner of the right of way may repair it, and do whatever is reasonably necessary to make it suitable and convenient for his use.

When the old bar-way became useless, it was therefore the right of Peck to lower it and alter the level of his way to correspond with the new grade of the highway. *Smith* v. *City Council*, 19 Ga. 89. He preferred to make use of another bar-way set up by the owner of the farm, over seventy feet distant from the prescriptive bounds of his way; and to this no objection was made for eleven years. When the plaintiff chained up the gate, however, and locked it, he sufficiently manifested his intention that this use should be continued no longer, and effectually revoked any license implied from his previous conduct. *Res ipsa loquitur*. *Foot* v. *New Haven & Northampton Co.*, 23 Conn. 214, 223.

A way by prescription which runs in a defined course to a fixed point, is no more subject to variation by parol agreements or by acts and conduct, than if it had been created and so described by deed.

The finding of the trial court, that the way used from 1885 to 1896 was substantially the same as that used from 1845 to 1885, is an inference from facts which do not warrant it. The law cannot regard a way joining a highway through a certain gate, as substantially identical with a way joining it through another gate seventy feet distant. A conclusion as to an ultimate fact, drawn from certain specified evidential facts which are legally incompetent to support it, is a proper subject of review on proceedings in error. *Winsted Hosiery Co.* v. *New Britain Knitting Co.*, 69 Conn. 565, 575; *Nolan* v. *New York, N. H. & H. R. Co.*, 70 Conn. 159.

The right of way which existed in 1885 exists still. The disuse of the part which followed the change of the grade of the highway, arose from circumstances which exclude any inference of an intent to abandon that part, unless by exchanging it for another way, the right to which should be equally secure. Such an abandonment might have been presumed, if Watrous, who owned the farm in 1885, had then given Peck a deed of the right to use the new bar-way; or had Peck's user been continued, adversely, and under a claim of right, for fifteen years. But so long as it had no other justification than an implied license, or acquiescence for a shorter term, it could not avail to extinguish his original prescriptive right. Different rules might apply where one location of a highway is abandoned for another, substituted for it by acts of dedication, since a dedication once accepted is irrevocable. Jones on Easements, § 429.

The defendant's remedy, when he found the gate chained against him, was to have recourse to the way he owned, and cut it down, at the point where the old bar-way was, to the grade of the highway. *Reignolds* v. *Edwards*, Willes, 282.

The entrance from the old bar-way became impassable by the lawful act of the public authorities. The owner of the farm only closed it after it had thus become useless. Had

he, without such cause, wrongfully closed it, in order to prevent its lawful use by Peck, and then allowed him for eleven years to pass through the new bar-way, it may be that in such case the latter could not have been excluded from that mode of access to his way, unless reasonable notice of the intended revocation of license had been previously given. *Hamilton* v. *White*, 1 Seld. 9. But as things stood, the defendants were guilty of a technical trespass in forcing their way through.

With respect to the claim of estoppel, it is found by the trial court that before the plaintiff bought from Watrous they asked Peck if he had " a regular right of way " over the farm, to which he replied in the negative ; but that he was not informed of the purpose of the inquiry, and answered it with no intention of misleading ; nor did it appear that the plaintiff relied upon the statement in completing his purchase. The question being, not whether he had a right of way, but whether he had a regular one, was calculated to direct his attention only to the particular description of his right, and he might well have thought that a way acquired by adverse user was not entitled to the name of " regular." No estoppel can be founded on his reply. *Danforth* v. *Adams*, 29 Conn. 107.

We perceive no reason for bringing separate suits against the Hutchinsons. If the plaintiff desired to establish his title against them also, he should have joined them as co-defendants with Peck. The three suits will be treated as consolidated in this court, and costs taxed in favor of the appellant in one, only.

There is error in the judgment appealed from.

In this opinion the other judges concurred.

NOTE. A single, consolidated judgment having been entered in favor of the appellant in the above entitled causes, his counsel (*Cornelius J. Danaher*) appeared at the May term, 1898, of this court at Hartford, and moved that an order might be passed requiring the clerk to refund to the appellant the record fees of $25 paid by him in two of the three cases. The court were of the opinion that the controversy could and should have been determined in one action, and denied the motion.