JOHN P. McCUSKER ET AL. *vs.* MORITZ SPIER ET AL.

Third Judicial District, New Haven, Jan. Term, 1900. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The grantor of a right of way created by quitclaim deed is under no legal obligation to remove existing obstructions in the passway, nor is he liable for their continuance, provided he does not object to or resist their removal by the grantee.

From the mere refusal of the grantor to open up the passway upon request, no inference can reasonably be drawn that he would oppose the removal of the obstructions if attempted by the grantee.

Under the Act of 1897 (Chap. 194, §§ 17, 29), all errors assigned, including the denial of a motion for a new trial upon the ground of a verdict against evidence, should be united in a single appeal.

A court of equity will not aid a plaintiff in enforcing a written obligation, in violation of oral stipulations which he admits formed a part of the agreement and which the defendant believed were included in the written instrument when he signed it.

Nor is it essential that the facts relied upon and pleaded by the defendant should be such as to justify a reformation of the instrument in his behalf: as a defense, it is enough that the plaintiff claims under a writing which admittedly does not express the contract made by the parties.

The failure of the defendant, in such a case, to read the instrument before signing, is not, as matter of law, fatal to this defense, although a circumstance to be considered by the trial court in determining the equities of the case.

When an application is made to rectify a finding under Public Acts of 1897, p. 890, § 11, as to the evidence introduced upon a trial to the jury, error may be assigned upon the instructions given, on the ground that they were inapplicable to the case as actually presented, and if the finding be rectified, such assignment may justify a reversal.

Argued January 16th—decided April 4th, 1900.

ACTION to recover damages for the obstruction of a pass-way, and for an injunction, brought to the Superior Court in New Haven County where the plaintiffs' demurrer to certain parts of the answer was sustained (*Prentice, J.*), and the cause was afterwards tried to the jury before *Shumway, J.*; verdict and judgment for $200 damages against the defendant Straus, and appeal by him for alleged errors in the rulings and charge of the court.

The appellant also appealed from the refusal of the trial court to grant his motion for a new trial upon the ground of a verdict against evidence. *Error and new trial granted.*

The case is sufficiently stated in the opinion.

*Hobart L. Hotchkiss* and *Harry W. Asher*, for the appellant (defendant Straus).

*Charles S. Hamilton*, for the appellees (plaintiffs).

BALDWIN, J. The plaintiffs recovered judgment for substantial damages against Straus, one of the defendants, for the obstruction of a passway over his land. It was a way by grant, and at the time of the delivery to them of the deed of grant there were certain fences and buildings on the servient tenement which would have constituted obstructions to its use for a way had this been attempted, and access to it from the dominant tenement was completely barred by a building standing upon that.

The words of conveyance used in the deed, "give, grant, bargain, sell, confirm, remise, release and forever quit-claim," did not import any covenant, nor create any obligation on the part of the grantor to put the servient tenement in a condition suitable for its convenient use by the plaintiffs. That was their right, but not his duty. *Nichols* v. *Peck*, 70 Conn. 439, 441. Nor did the provision in the *habendum* clause, "so that neither I, the releasor, nor my heirs, nor any other person under me or them shall hereafter have any claim, right, or title in or to the premises, or any part thereof, but therefrom I and they are by these presents forever barred and

secluded," effect anything more than to exclude the releasor and all claiming under him from any estate inconsistent with the right of way. Subject to that right, the title to the land remained as before.

The jury were instructed that while the mere leaving of the existing fences or sheds upon the land, by which the reasonable use of the way by the plaintiffs might be obstructed, could give them no right of action, the defendant Straus would be liable by reason of their maintenance, if he had refused to allow their removal, or by using them himself, or by any other act led them reasonably to believe that he would prevent this, should they attempt it.

In the special finding of facts made for the purpose of the appeal, it is stated that the plaintiffs claimed and offered evidence to prove that the defendants had refused to allow them to remove these obstructions, and that in consequence of this refusal and on account of the obstructions, they had been obliged to use a less convenient way over the land of another, to their great damage.

An application to rectify this statement has been made under the Public Acts of 1897, p. 890, § 11, on the ground that in fact no evidence was introduced of such a refusal. An inspection of all the evidence in the case shows that there was none, unless it could be inferred from a conversation between the parties, in which Straus was asked to open up the passway and replied, "I shall not open it," adding, when the plaintiffs then threatened to bring suit, "Go ahead." This had no legitimate tendency whatever to show that they had reason to believe that should they themselves proceed to remove the obstructions, objection or opposition would be made. We therefore grant the application so far as to strike so much of the statement in question out of the finding, as refers to a refusal to allow such removal.

This correction being made, error is well assigned upon the instructions given.

The grantor of a way over a strip of land occupied by buildings, has a right to continue their use until the grantee removes them or gives notice of his intention so to do.

McCusker v. Spier.

From lawful acts of such a nature no inference could reasonably be drawn that he would object to or resist their removal. No proof having been offered of any other act in the nature of obstruction, on the part of Straus, than that of continued user, nor of any words intimating a purpose to oppose any attempt by the plaintiffs to exercise their right of removing the buildings, the instructions to the jury were misleading and inapplicable to the case presented for their consideration.

The appellant has taken two separate appeals. In one he sets up, among other things, the error above noted. In the other he complains (under the Public Acts of 1897, p. 892, § 17) of the denial of the trial court of his motion for a new trial on the ground that the verdict was against the evidence.

It was clearly against the evidence, for of that there was none that could justify the conclusion that Straus had obstructed the use of the granted way. Had the jury been informed in the charge of the court that evidence to that effect had been introduced, the only appropriate remedy would have been that by appeal for error in the instructions given. They were not, however, told this in terms, nor was their attention specifically directed to any particular testimony of that nature. We think, therefore, that the appellant was entitled to appeal from the refusal to set the verdict aside.

It would have been proper, and the better practice, to unite all his causes of complaint in a single appeal.

From 1821 to 1893 motions for a new trial in the Superior Court, on the ground of a verdict against evidence, were disposed of as matters of discretion. *Bissell* v. *Dickerson*, 64 Conn. 61, 73. If the trial court were of opinion that the motion was well grounded, it might report the evidence to this court, by which, if it took the same view of the case, a new trial could be granted. General Statutes, § 1127. In 1893 the mode of access to this court was changed, and the trial court was required, in every case in which such a motion might be filed within a certain time in writing, to send it up here for final disposition. Public Acts of 1893, p. 228, Chap. 51 ; *State* v. *Lee*, 69 Conn. 186, 192. Such a proceeding was not an appeal. *White* v. *Howd*, 66 Conn. 264, 267. In 1897

the process for bringing questions of this nature before this court was fundamentally changed. Such motions, whether oral or written, were left to the disposition of the trial court in the first instance, but whatever its decision might be, an appeal was given to the losing party. Public Acts of 1897, Chap. 194, §§17, 29. Whenever a trial court now denies the motion and enters judgment on the verdict, an appeal from such denial can and should be taken as part of the appeal, if any, from the judgment. Expense is saved and the convenience of all concerned promoted by such a course.

As the case must go back for a new trial, it is necessary to dispose of a question of pleading which may affect its ultimate disposition.

The following state of facts was set up as a " Second defense and counterclaim ": The plaintiffs, when they received their grant of the right of way, had and were using, and ever since have had and used, another mode of access to their premises over adjacent land of a railroad company. At the time of the negotiations leading up to the deed of grant, it was agreed, as part of the consideration for the deed, that the defendants should continue to use and occupy with buildings and other structures so much of the ground to be subjected to the right of way as they were then thus using and occupying, until such time as the railroad company should shut off the plaintiffs from going over its land. Said company never has in any way shut them off from so doing, and the plaintiffs may continue to use said land for access to their premises for an indefinite period. This suit is brought not because they desire or need to use the way over the defendants' land, but merely to harass and annoy, and in violation of said agreement. To remove the structures now on said land would be of no benefit to the plaintiffs and great damage to the defendants. The plaintiffs employed their own counsel to draw said deed, and requested Straus to sign it, without informing him that it did not contain said agreement. He signed it without reading it, believing that it contained the agreement, and under a mistake of fact, and would not have signed it, but for relying on the good faith of the plaintiffs to have the

deed drawn in pursuance of the agreement. Judgment was demanded for a reformation of the deed, and an injunction against any interference with the occupancy of the premises by the defendants, so long as the plaintiffs were allowed to use a way over the railroad land.

This was adjudged insufficient on demurrer.

As a counterclaim for the reformation of a contract it was insufficient, since it does not allege that the mistake of Straus was either shared by the plaintiffs or due to any fraud on their part.

As an answer, however, to an action for an injunction, and a counterclaim for a cross-injunction, it stands on different ground. It showed that the plaintiffs did not come into court with clean hands, but were claiming under a deed which did not fully express the interests which it was intended to create, and in consideration of which it was given. If this error or omission was due to a mistake of the plaintiffs, by whom the conveyance was prepared, and they intended to have it set forth the agreement in question, then, as the defendant was in the same position in these respects, equity would treat it as if drawn in the manner which both parties designed. If, on the other hand, the plaintiffs intended to have the deed read as it does, it would be equally inequitable to aid them in claiming its benefits in violation of their admitted agreement. *Quinn* v. *Roath,* 37 Conn. 16, 30 ; 2 Pom. Eq. § 854.

The omission of Straus to read the deed before signing it is not as matter of law fatal to his defense, although a circumstance to be given due weight in determining the equities of the case upon another trial. He was negligent, but it cannot be said that the pleadings put him in the position of one whose negligence amounts to a violation of his known duty to the adverse party. *Albany City Savings Institution* v. *Burdick,* 87 N. Y. 40 ; *Palmer* v. *Hartford Fire Ins. Co.,* 54 Conn. 488; 2 Pom. Eq. § 856. It follows that the demurrer, being taken to the pleading as a whole, should have been overruled.

The other exceptions relate to rulings as to matters not likely to recur upon a new trial, and which it is therefore unnecessary to discuss.

There is error, the judgment is set aside and a new trial ordered. Costs will be taxed in favor of the appellant, but only as upon a single appeal.

In this opinion the other judges concurred, except HAMERSLEY, J.

HAMERSLEY, J. (dissenting). Upon the appeal from the action of the court in denying a new trial for verdict against evidence, I think there is no error. It seems to me easy to see that the jury might honestly have reached their conclusion from the testimony and the inferences they could properly draw from the facts in the case and the appearance of the witnesses, and that certainly there is no such palpable disregard of the evidence as justifies an inference of corruption, prejudice or partiality in the jury.

As to the other appeal, there is no occasion to correct the finding; it recites the state of evidence sufficiently to fairly present the questions of law made in reference to the charge.

The trial court did not err in sustaining the demurrer to the second defense. The facts stated in that defense are alleged for the purpose of supporting a claim for a judgment reforming the contract and for an injunction, and for no other purpose. It is evident the facts do not support the claim.

The charge of the court, however, did not properly instruct the jury, in view of the state of evidence and claims of parties as recited in the finding. It is not clear as to the legal effect of a failure to remove the obstructions upon request of the plaintiff; is open to the inference that conduct of the defendants might be equivalent to a prohibition to remove, if the plaintiff regarded it in that light, although insufficient to reasonably justify such opinion; and leaves the question of maintenance of obstructions to the jury, as a question of fact, so loosely, that they might well be confused as to the rights and obligations of the parties, which are pure questions of law. Error is well assigned upon the instructions given, and for this reason a new trial should be ordered.