### MICHAEL J. EARLEY vs. ROBERT H. HALL.

Third Judicial District, New Haven, June Term, 1915.

THAYER, RORABACK, WHEELER, BEACH and BENNETT, Js.

An owner of land agreed with a railroad company that it might locate and maintain a portion of its spur-track upon his land, but must not use it so as to interfere with his business. *Held* that this constituted something more than a mere license, and gave the company a right of way for railroad purposes which was in the nature of an easement.

As a general rule it is the duty of the owner of a right of way over the lands of another to keep it in repair and to protect and maintain it; and this rule applies to a railroad company which has acquired a right of way for its spur-track over the land of an adjoining proprietor. Accordingly, an employee of the railroad company—in this case a brakeman of a freight-train—who is injured by stepping or jumping upon a nail or spike in a piece of timber near the spur-track, while engaged in switching cars thereon for the benefit of others than the landowner, cannot recover damages of the latter upon the theory that he was negligent in not inspecting the premises and in allowing the timber to remain near the track without notice; since the employee's rights as against the landowner are in no way superior to those of the railroad company.

Negligence involves the violation of a legal duty which one owes to another in respect to care for the safety of his person or property. The duty may be assumed by contract, or it may arise from circumstances or from the relation of the parties.

Earley *v.* Hall.

In the present case the charge permitted the jury to return a verdict for the plaintiff brakeman, if they found that he was injured when the railroad company was using the spur-track for the mutual benefit of the defendant landowner and the company, or for the profit of the defendant himself. *Held* that the plaintiff, certainly, could not justly complain of this instruction.

The agreement in the present case did not specify the width or extent of the way, and the trial court left this question to the jury to be determined as one of fact. *Held* that this course was proper under the circumstances.

Ordinarily the construction of a written instrument is a matter of law for the court; but when its meaning is to be derived from extrinsic evidence, it becomes a question of fact for the jury.

This court is not bound to consider claims of law which are not assigned as error in the reasons of appeal.

An involved or obscure instruction which could not have prejudiced the rights of the appellant is not a ground of error.

The plaintiff complained that the charge over-emphasized the difficulties which he had to surmount before he could be entitled to a verdict, and was argumentative and inconsistent. *Held* that these criticisms were without any foundation.

Argued June 2d—decided July 27th, 1915.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Burpee, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

This action was brought by the plaintiff to recover damages for personal injuries sustained while he was a brakeman. The plaintiff alleges in his complaint that his injuries were caused solely by the neglect of the defendant in allowing a piece of timber with a rusty nail to remain in close proximity to the side-track where he, Earley, was obliged to work; failure by the defendant to make reasonable inspection of his premises; and his failure to notify the plaintiff of the existence of the dangerous obstruction so that he might avoid it. It is also averred in the complaint that the plaintiff was upon the premises in question by the

permission and license given to his employer, the railroad company.

The following facts were undisputed. In July, 1913, the plaintiff was in the employ of the New York, New Haven and Hartford Railroad Company as a brakeman upon a freight-train. While so employed it became necessary for him to go upon a certain spur or side-track of the railroad company, which was constructed for some distance upon railroad property and the remainder upon the defendant's land. It was used for railroad purposes by the railroad company. This included the storage of cars, transportation of trains, and switching operations. The defendant used it for storing cars consigned to him, and in loading and unloading cars at his warehouse.

Upon the day in question, the train had come from the east, and, on reaching this place, the engine, tender and two cars were backed on this side-track. It was there coupled with six or seven other cars. It then backed farther along this side-track for the purpose of picking up a car of railroad ties. This car stood on the track still farther to the east and upon a portion of the spur-track which was upon the defendant's land. Still farther to the east there stood another car of grain which belonged to the defendant. The defendant's car had been "spotted," or located, in front of his warehouse. The train was backed up against the car of ties with such force as to push it eastward in a violent manner against the defendant's car, which was displaced from the track. As a result of this collision, the couplings failed to connect. The plaintiff was assisting in replacing the defendant's car when injured.

The parties were at issue as to the precise manner in which the accident occurred. The plaintiff claimed and offered evidence to show that the displacement of the car was a common incident in switching operations.

The defendant claimed and offered evidence to show that the derailment of this car resulted from the negligence of the members of the train crew of the railroad company. The plaintiff contended that he was injured in the act of going forward upon the ground at a point just opposite the defendant's warehouse, where he had gone for the purpose of adjusting couplings between the cars. The defendant offered evidence to show that the plaintiff was standing upon the top of one of the freight-cars, and that he was frightened by the force with which the cars came together, and jumped from the car upon the nail and plank. The plaintiff offered evidence to show that this plank was lying upon the ground at a place where, in the ordinary course of switching operations, one might reasonably be expected to step. The defendant offered evidence to show that it was not necessary for the plaintiff, in the proper performance of his work, to go so far from the spur-track upon the defendant's property as the spot where the plank was lying.

Certain rights and duties of the parties as to the construction and use of this spur-track are set forth in a written agreement which, among other things, provides: "Said Railroad Company at their own expense are to furnish iron and ties and lay the track and prepare the road bed on their premises. Said Hall at his own expense is to prepare the road bed on his own premises and to fill in south of said spur on a grade uniform with the new grade of said spur to a width reasonably necessary for the convenience of teams in loading and unloading from cars standing on said spur and to make any changes which may be required in the grade of the highway crossing said spur. . . . The Railroad Company to have the right to use said spur so extended in switching and other railroad purposes but are not to use the portion built on land of said

Hall in any way which will interfere with his convenience or impede him or his successors and assigns in the transaction of his or their business."

*George E. Beers* and *James J. Palmer*, for the appellant (plaintiff).

*Gustaf B. Carlson*, with whom was *Charles W. Cramer*, for the appellee (defendant).

RORABACK, J.   Numerous errors are assigned; those which were pursued in argument will receive our consideration.

The court was requested to instruct the jury as follows: "The defendant concedes that the land upon which the extension of the spur-track was built was either owned or controlled by him, and that he allowed the use of it by the railroad company.   Under these circumstances a duty to exercise care with reference to the condition of the premises devolved upon the defendant.   If the defendant failed to exercise the care with reference to the condition of the premises which an ordinarily careful man would exercise under the circumstances, and if, without contributory negligence on the part of the plaintiff, the plaintiff suffered an injury because of such lack of care on the part of the defendant, your verdict should be for the plaintiff. If the defendant allowed the use of the premises in question for railroad purposes, it impliedly allowed such use of them as is ordinarily involved in the railroad operations incident to the use of the premises, and if the plaintiff, in assisting in the operations of a train, suffered an injury arising out of the negligence of the defendant and was himself free from contributory negligence, your verdict should be for the plaintiff."

These requests, when taken by themselves, are

nothing more than a statement that it is the duty of a landowner or of one who has charge of a building, to be careful and diligent in keeping it safe for those who come there by his invitation, express or implied. This case presents no such situation. The railroad company was in control of the entire right of way, including the defendant's land, for railroad purposes. The only limitation upon its rights, so far as the defendant was concerned, was that it should not so use the defendant's property as to in any manner interfere with his business. This agreement constituted something more than a mere license to the railroad company. It was a liberty or privilege which the railroad company had in the land of the defendant. It gave to the company a right of way over the defendant's property for railroad purposes. This privilege was in the nature of an easement. 3 Words & Phrases, 2305.

As a general rule, it is the duty of one who is the owner of a right of way over lands of another to keep it in repair, to protect and maintain it. *Nichols* v. *Peck*, 70 Conn. 439, 441, 39 Atl. 803; *McCusker* v. *Spier*, 72 Conn. 628, 629, 45 Atl. 1011; *Jones* v. *Percival*, 22 Mass. (5 Pick.) 485, 486.

After explaining the issues between the parties, the burden of proof, the duty of inspecting the premises, the evidence and claims of the parties, the judge, in substance, said: If the defendant licensed or permitted the railroad company to use that property, he incurred certain obligations whenever and so long as the railroad company was using it for their mutual benefit or convenience, or for the profit of Mr. Hall himself. While the railroad was employed in shifting or placing cars for Mr. Hall, Mr. Hall was under obligation to use reasonable care to see that the premises were in safe condition. If the use of the premises was for the profit of Mr. Hall alone, or for the benefit of Mr. Hall

and the railroad company mutually, then it was Mr. Hall's duty to use reasonable care in regard to keeping the premises free from anything which might injure the employees of the railroad company. On the other hand, you will observe that in this agreement between Mr. Hall and the company the privilege was allowed to the railroad of using this track for general railroad purposes for other people. Now, if the railroad was engaged in placing cars for some other persons, from which Mr. Hall had no profit, or switching the cars of some other persons, in which Mr. Hall was not interested, then there was no obligation upon Mr. Hall to exercise any care whatever concerning the condition of that track or anything near it. If he had no interest he had no obligation in the matter. The judge also instructed the jury: "Speaking generally, where the privilege of the user exists for the common interest or mutual advantage of both parties, it will be held to be a case of invitation; but if it exists for the mere pleasure and benefit of the party exercising the privilege—that is, in this case, the railroad company and its employees—it will be held to be a case of license. . . . You are to determine whether or not it existed for the convenience, common interest or mutual advantage of both parties. A licensee, such as this plaintiff was, or the railroad company, "must take the premises as he finds them, and the owner is not, as to him, bound to use care and diligence to keep the premises safe; while he does owe such a duty to one using his premises upon invitation." The judge further instructed the jury as follows: "The owner of the premises is not at liberty, by some wilful act, to cause an additional danger to a licensee using the premises. The landowner must not himself, by what has been called 'his own active negligence,' injure either the licensee or any other person."

The substance of the averments of the plaintiff's complaint, in so far as they refer to the relations which existed between the plaintiff and the defendant, is that the plaintiff, when injured, was upon the defendant's premises by virtue of the permission which was given to the plaintiff's employer, the railroad company. Therefore it necessarily follows that the plaintiff's rights, as against the defendant, were in no way superior to the rights of the railroad company. It apparently was conceded that, when the accident occurred, the railroad company was engaged in certain switching operations for parties other than the defendant. In this connection it is of importance to notice that the only limitation which the written contract places upon the rights of the railroad company was that it must so use this way as not to interfere with the defendant's business. "Negligence involves the violation of a legal duty which one owes to another, in respect to care for the safety of the person or property of that other. 1 Thompson on Negligence, § 3. That duty may be assumed by contract, or arise from the circumstances or the relation of the parties. Common-law principles prescribe the usual measure of it, to wit, ordinary care under the circumstances." *Sharkey* v. *Skilton,* 83 Conn. 503, 508, 77 Atl. 950.

The instructions upon this branch of the case permitted the plaintiff to recover if the jury found that the plaintiff was injured when the railroad company was using this spur-track for the mutual benefit of the defendant and the railroad company or the profit of Mr. Hall himself. Of this the plaintiff has no just grounds of complaint. In any aspect of the case, it is plain that the court did not err either in declining to charge as requested, or in charging as it did upon this branch of the case.

The plaintiff complained of certain instructions which

related to the width and extent of the right of way which the railroad company was entitled to use. The judge was right when he charged the jury as follows: "Does the evidence indicate to your satisfaction, by a fair preponderance, that the defendant allowed or licensed the railroad company to use any land except that upon which the track was placed, or the land immediately adjacent to it, to some extent? And if to any extent, to what extent?" The width and extent of the right of way in question was a material inquiry for the consideration of the jury. The contract hereinbefore referred to was silent upon this subject. Generally speaking, the construction of a written instrument is a matter of law for the court, the meaning to be collected from the instrument itself. But where the meaning is to be had by extrinsic evidence, as in the present case, the construction is properly a question of fact for the jury.

The jury were charged: "Does the evidence, a fair preponderance of it, show that he was engaged in switching anything for Mr. Hall or anything for Mr. Dunham? Can you fairly draw an inference from the testimony which will support that allegation? On the other hand, I ought to say this: In any view that you take of the case, it may be that you will regard that allegation as not a substantial and material allegation which it is necessary for the plaintiff to prove in order to entitle him to recover." The last paragraph of these instructions is somewhat involved and obscure; but, notwithstanding this, the plaintiff's rights could not have been injuriously affected by them. These remarks, in effect, instructed the jury that the plaintiff might be entitled to recover though he had failed to establish one of the controverted allegations of his complaint.

There was no error in instructing the jury as follows: "Does the evidence indicate to your satisfaction, by

Earley *v.* Hall.

a fair preponderance, that the defendant allowed or licensed the railroad company to use any land except that upon which the track was placed, or the land immediately adjacent to it, to some extent? And if to any extent, to what extent?" The court had fully and correctly instructed the jury as to the burden of the proof and the preponderance of the evidence, and the jury could not have been misled by these comments.

In referring to the testimony of the plaintiff, the trial court said: "If the accident occurred in that manner, why then, of course the plaintiff here is not telling the truth in his evidence wherein he attempts to give you an account of how the accident occurred." These comments by the trial judge were well within his discretion.

Complaint is made that the trial judge filled the jury with circumstantial details as to certain of the issues which were involved in the consideration of the case; that the court in its charge over-emphasized the difficulties which the plaintiff had to overcome before he was entitled to a verdict. A careful examination of the record discloses that these criticisms have no foundation. It appears that the issues between the parties were fairly and exhaustively explained to the jury. The charge was not argumentative or inconsistent. It did not necessarily invade the province of the jury. Undue prominence was not given to any question of law or of evidence by the trial court in its instructions. The charge as a whole was not unfair to the plaintiff.

The plaintiff, in argument contends that there were certain errors committed by the trial court in relation to the admission of evidence. It is sufficient to say of these claims that no such errors were asserted in his reasons of appeal.

There is no error.

In this opinion the other judges concurred.