MARIO CANEPARI ET AL. *v.* HENRY H. TOWNSHEND, JR., ET AL.

INGLIS, C. J., BALDWIN, WYNNE and DALY, Js.[1]

Argued May 4—decided June 17, 1955

---

[1] By agreement of counsel the case was argued before and decided by four judges.

George W. Crawford, for the appellants (plaintiffs).

Robert H. Alcorn, for the appellees (defendants).

DALY, J. In this action the plaintiffs sought, among other claims for relief, an injunction restraining the defendants from using land owned by the defendant Townshend as a gun club and shooting range. The court rendered judgment for the defendants, and the plaintiffs have appealed.

In their first assignment of errors the plaintiffs seek to have seventeen paragraphs added to the finding. They claim that the facts contained therein were admitted or undisputed. A fact is not an admitted or undisputed fact because the witness who testified to it has not been contradicted. The acceptance or rejection of testimony is a matter for the trial court. *Chouinard* v. *Zoning Commission*, 139 Conn. 728, 730, 97 A.2d 562. Some of the additions sought are merely more detailed statements of facts already incorporated in the finding. To add more detail is unimportant, for if these additions are made they will not affect the result. *Bent* v. *Torell*, 139 Conn. 744, 748, 97 A.2d 270.

In other assignments of error the plaintiffs claim that the court erred in finding the facts set forth in twelve paragraphs of the finding without evidence. In addition to observing and hearing the witnesses and seeing the exhibits, the court viewed the premises. This view furnished evidence as truly as though similar information had been presented by the lips of witnesses. *G. F. Heublein, Inc.* v. *Street Commis-*

*sioners,* 109 Conn. 212, 218, 146 A. 20; Maltbie, Conn. App. Proc., § 74. Such evidence is properly taken into account in finding the facts and reaching conclusions. Manifestly, we cannot review evidence thus obtained or know what part it played in the court's conclusions. *Albright* v. *MacDonald,* 121 Conn. 88, 91, 183 A. 389. Under § 391 of the Practice Book, where facts are found which are not based upon the evidence but upon a view of the premises made by the court at the request of the parties, the court shall, if possible, make a statement of such facts. However, where, as in the instant case, no such statement appears in the finding, this court, upon appeal, may regard the fact that the premises were visited in passing upon claimed corrections involving facts in the determination of which such a view may reasonably be assumed to have had a part. *Albright* v. *MacDonald,* supra, 95; *Tide Water Oil Sales Corporation* v. *Shimelman,* 114 Conn. 182, 184, 158 A. 229; Maltbie, Conn. App. Proc., § 95. Furthermore, the trial court may draw reasonable and logical inferences from facts existing prior to or subsequent to an event. *Shaughnessy* v. *Morrison,* 116 Conn. 661, 664, 165 A. 553; *Ruerat* v. *Stevens,* 113 Conn. 333, 338, 155 A. 219. No change can be made in the finding which will improve the position of the plaintiffs.

The facts found may be summarized as follows: The defendant Elm City Gun Club, hereinafter referred to as the club, is a nonprofit corporation existing under the laws of this state for the purpose of providing and maintaining premises and facilities for target and skeet shooting by its members. It has been, and still is, the policy of the club to permit members of the police departments of New Haven and East Haven to use its facilities for gun practice

on its ranges. For some years prior to the summer
of 1953, the club operated and maintained a club-
house and shooting range on Bradley Street in East
Haven. In the conduct of its activities at that loca
tion, the discharge of firearms was not supervised
in the manner in which it should have been. The
absence of proper supervision and the location of
the ranges gave various persons who were not
members of the club an opportunity to trespass
and shoot indiscriminately, in violation of public
policy and in many instances, doubtlessly, in con-
travention of law.

In June, 1953, the club leased other land, in the
town of East Haven, from the defendant Henry H.
Townshend, Jr., one of its officers. The new location
is a few miles away from the former one. It is
reached by a private right of way and is 1240 feet
from a traveled public highway. It is not open to
public view. It is bounded on the north by land
owned by the state of Connecticut and used as a
state rifle range. The state had so used its land for
more than forty years before the plaintiffs pur-
chased their respective properties. The plaintiffs
Mario Canepari and Maria Canepari live in a modern
residence at 451 North High Street, East Haven,
one lot removed from the Townshend property on
which the club is now relocating its shooting range.
Their property, a long narrow strip running from
North High Street to a lane known as Proprietors'
Road, is eight acres in area and has upon it, in addi-
tion to their residence and garage, buildings and
equipment used by their son in his poultry business.
Portions of the land are also used for truck gar-
dening. The plaintiff Edward Sapeto is the owner
of land, with buildings and improvements thereon,
in the vicinity of the Townshend property. His lot

is bounded on the east by Proprietors' Road, which extends from East Haven to North Branford. He has access, also, to North High Street over a fifteen foot strip of land owned by him.

The land leased by the club is about 3.7 acres in size. The club began clearing and grading it in the summer of 1953, in preparation for building and using indoor and outdoor shooting ranges, skeet houses and traps. The targets and the firing point on the new range are located so that the shooting will be in a direction exactly opposite to that of the plaintiffs' properties. All the buildings owned by the plaintiffs are a considerable distance away from the firing range. The woods which lie between the range and the plaintiffs' properties constitute an effective screen protecting those properties from bullets discharged from firearms on the range. A substantial proportion of the shooting by the members of the club is done with shotguns. The carrying power of a shotgun is far less than that of a rifle, a revolver or an automatic pistol. The intended use of the new location does not contravene any zoning regulation of the town of East Haven.

The plaintiffs claim that the court erred in concluding: (1) There was no showing of any present misconduct on the part of the defendants; (2) as the action is in equity, the test is not what may have been the activities at the old location but, rather, what they have been, and are, at the new one; (3) the plaintiffs are not entitled to injunctive relief. The plaintiffs contend that the lack of supervision at the old location resulted in violations of public peace and conclusively indicates that the situation will be the same at the new one; that it cannot be legally assumed that the activities at the Townshend property will be different from those at the Bradley Street

location, in the absence of changes in policies and methods of management; that the location, arrangement and intended practices upon the Townshend property will be a menace and dangerous to public travel on Proprietors' Road; that the intended use of the property constitutes such a violation of the right of the plaintiffs to the reasonable use and peaceful enjoyment of their properties as to be inequitable; and that it should be enjoined.

The plaintiffs rely, to a great extent, upon statements contained in the memorandum of decision. It cannot take the place of a finding, and statements of fact in a memorandum cannot be used to supplement the finding unless, for some specific, unusual purpose, the memorandum is expressly made a part of the finding. The memorandum of decision in the case at bar was not made a part of the finding, nor should it have been, and the plaintiffs cannot make use of it to supplement the facts set forth in the finding. *Goldblatt* v. *Ferrigno,* 138 Conn. 39, 40, 82 A.2d 152; Maltbie, Conn. App. Proc., § 90. The plaintiffs likewise rely on evidence in contending that the court erred in reaching its conclusions. The court's conclusions are to be tested by the finding and not by the evidence. *Antenucci* v. *Hartford Roman Catholic Diocesan Corporation,* 142 Conn. 349, 358, 114 A.2d 216; *Klahr* v. *Kostopoulos,* 138 Conn. 653, 655, 88 A.2d 332; Maltbie, Conn. App. Proc., § 96.

The court did not find that any of the present members of the club ever did any indiscriminate or reckless shooting at its former location. Nor did the court find that there has been, or will be, reckless or indiscriminate shooting by anyone at the new location. As indicated by the finding, the situation existing at the time of trial was brought into being,

to some extent, by the change in location, the club's planned use of the Townshend property, and the topography of it and other land in the vicinity. The facts found clearly indicate that the existing situation is different from that which prevailed at the club's former location. Injunctions fall within the field of equitable remedies and not equitable rights. They are necessarily prospective in their operation. As this action for an injunction is equitable, whether the plaintiffs are entitled to relief is to be determined by the situation developed at the trial and not by a previously existing situation. *E. M. Loew's Enterprises, Inc.* v. *International Alliance,* 127 Conn. 415, 419, 17 A.2d 525; *Newington* v. *Mazzoccoli,* 133 Conn. 146, 149, 48 A.2d 729. The court was not bound to conclude that the activities at the club's new location will be the same as they were at its former location and did not err in arriving at its conclusions.

There is no error.

In this opinion the other judges concurred.

[1] By agreement of counsel the case was argued before and decided by four judges.