JAMES A. HOWARD *v.* ERNEST A. WIEHL ET AL.

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

 

Argued October 2—decided October 15, 1957

*Lorin W. Willis,* with whom was *Earle W. Smith,* for the appellant (plaintiff).

*John H. Shannon,* with whom was *James V. Joy, Jr.,* for the appellees (defendants).

MURPHY, J. In this action the plaintiff seeks an injunction restraining the defendants from maintaining an esplanade or safety island in connection with their gasoline station in such a manner as to interfere with his use of a right of way over a portion of their property, and other relief. The court rendered judgment for the defendants, and the plaintiff has appealed.

The plaintiff is the owner of property on the southwest corner of route 6 and Queen Street in Newtown upon which he operates a restaurant

called "Village Coffee Shop." The defendants own the property adjoining on the west upon which they conduct a gasoline service station. Prior to 1949, both parcels were owned by the McNabbs, who conducted similar enterprises on them. In that year, the McNabbs conveyed the corner lot to predecessors in title of the plaintiff, reserving to themselves a right of way over a triangular section at the northwest corner and granting plaintiff's predecessors in title and their successors a right of way over a triangular area of identical size abutting the right of way reserved. Each triangle extends fifty-five feet along route 6 and is thirty feet deep at the common property line. At the time, the McNabbs maintained gasoline pumps within the granted right of way and reserved the right so to maintain them. In 1952, the defendants' predecessor in title acquired the gasoline station property. In 1953, the pumps were relocated to the west of their former location and entirely outside the right of way.

At the time the plaintiff's predecessors in title made their purchase, there existed, on the shoulder of the road to the north of the west triangle and within the highway lines, a safety island which had been required by the state motor vehicle department. Except for the addition of a beveled cement curbing around the safety island, it remains in substantially the same condition.

The owner of land upon which there is a right of way is under no obligation to remove obstructions within it which existed when it was created. *Nichols* v. *Peck*, 70 Conn. 439, 441, 39 A. 803; *McCusker* v. *Spier*, 72 Conn. 628, 630, 45 A. 1011. In the case at bar, the defendants could not be enjoined from maintaining the safety island which was in existence when the right of way was created and was located

entirely outside the right of way and actually within the limits of the public highway.

An injunction will not be granted if it will operate oppressively, inequitably or contrary to the real justice of the case. Where there has been no substantial invasion of the plaintiff's rights, the issuance of an injunction rests in the sound discretion of the trial court. *Wetstone* v. *Cantor,* 144 Conn. 77, 80, 127 A.2d 70; *Farrington* v. *Klauber,* 130 Conn. 170, 173, 32 A.2d 644.

The plaintiff is not pressing his claim that the reconstruction of the service station has increased the natural flow of water over his property or that the finding should be corrected.

There is no error.

In this opinion the other judges concurred.