F. Sidney Holt et al. *v.* Carl M. Wissinger et al.

F. Sidney Holt et al. *v.* Town of West Hartford et al.

Wynne, C. J., Baldwin, Daly, King and Murphy, Js.

Argued January 9—decided February 13, 1958

*Harry L. Nair,* for the plaintiffs (appellants) in both actions.

*Valentine J. Sacco,* with whom was *Jerome I. Walsh,* for the appellees (defendants) in the first action.

*Maurice J. Sponzo,* corporation counsel, for the appellees (defendants) in the second action.

KING, J. The five individual defendants in the first case, hereinafter referred to as the Wissinger case, own a tract of land in West Hartford known as Brookside Knolls which they are engaged in developing for residential use. The corporate defendant, The Juno-Maskel Construction Company, is engaged, under a contract with the individual defend-

ants, in improving a roadway 60 feet wide and 185 feet long running from Brookside Knolls to Brookside Boulevard. This boulevard, since 1917, has been a public street in West Hartford for a length of at least 1200 feet measured westerly from its intersection with North Main Street. The sixty-foot roadway is referred to in the finding as Brookside Boulevard Extension. Shortly before the present actions were begun, the named plaintiff acquired by quitclaim deed all the right, title and interest of the owners of the land included in the extension. To simplify the discussion of the issues before us, we shall assume, contrary to the actual fact, that both plaintiffs own this land and the land adjacent to it, as a single tract.

The present cases were tried together and, practically speaking, identical memoranda of decision, judgment files and findings were filed in them. In this court both cases were argued and briefed as a unit. In each case the plaintiffs sought a declaratory judgment and coercive equitable relief, and the court found the issues for the defendants and rendered judgment in their favor.

The mere fact that the plaintiffs in each case saw fit to institute an action for a declaratory judgment in no way operates to alter or shift the ordinary rules as to the burden of proof in civil actions. *Murphy, Inc.* v. *Westport,* 131 Conn. 292, 302, 40 A.2d 177; *Gionfriddo* v. *Windsor,* 137 Conn. 701, 706, 81 A.2d 266. The rule as to the burden of proof is implemented and made effective by our rule that the "prayer for relief shall state with precision the declaratory judgment desired." Practice Book § 278 (b).

The question to be decided on each appeal is whether the court was compelled, as a matter of

law, to render a declaratory judgment and to grant injunctive relief as sought, the prayer for a declaratory judgment being accompanied by prayers for coercive injunctive relief. *United National Indemnity Co.* v. *Zullo,* 143 Conn. 124, 130, 120 A.2d 73. While the plaintiffs have indulged in a wholesale attack on the finding, only a few of their claims for correction are material in the view which we take.

In the Wissinger case the prayers for relief were five in number. The final one sought equitable relief in general terms, and the preceding three by way of injunction. The first sought a judgment "declaring that the defendants are not authorized to install any culverts or bridge or construct any highway over [a brook which flows into Trout Brook] until the proper approval and authorization of such bridging and the manner thereof by the Town Council of the Town of West Hartford." The "highway" referred to is a projected continuation westward of Brookside Boulevard Extension. The equitable relief sought was a prohibitory injunction restraining the defendants from installing or maintaining the roadway across the tributary brook "until a final determination of the appeals now pending [in the Court of Common Pleas] and relating to the layout of streets in [the] Brookside Knolls property"; a prohibitory injunction restraining the defendants from raising the grade of Brookside Boulevard Extension; and a mandatory injunction compelling the defendants to restore the grade to its former level.

In the second case, hereinafter referred to as the West Hartford case, the plaintiffs were the same as in the Wissinger case but the town of West Hartford and Arthur N. Rutherford, its acting town manager, were the defendants. The equitable re-

lief sought was a prohibitory injunction restraining these defendants from raising the grade, or doing any further work on the grading, of the extension; a mandatory injunction requiring the defendant town manager to "order the closing" of the extension as a public highway; and a mandatory injunction requiring the defendants to restore the grade to its former level. The first prayer for relief differed somewhat from that in the complaint in the Wissinger case and sought a judgment "declaring that the action and vote of the Town Council of [the] Town of West Hartford in laying out, making, grading and establishing as a public highway, said strip of land . . . is illegal, null and void."

As the cases were tried, a fundamental issue was whether Brookside Boulevard Extension was merely a right of way appurtenant to Brookside Knolls or had been legally accepted as a public street by the town of West Hartford. In their brief the plaintiffs concede that the defendant owners of Brookside Knolls had and still have a right of way, appurtenant to their land, running to Brookside Boulevard over the extension. This right of way was reserved by predecessors in title of those defendants "for all purposes for which a highway is ordinarily used," and passed by mesne conveyances.

The court found in effect that the right of way existed in such broad terms that the improvements contemplated could lawfully be made whether the extension had or had not been accepted as a public street by the town of West Hartford. These improvements included making a suitable surface for vehicular travel and the changes of grade reasonably necessary for the enjoyment of the right of way as reserved. The court further found that the

raising of the roadway for the change of grade would not endanger the plaintiffs' adjacent property through flooding or otherwise and that the proposed bridge over the brook would be entirely on the property of the defendant owners of Brookside Knolls and would not cause water to back up on the plaintiffs' property or otherwise injure it. These findings cannot be changed, especially since they were made after the court had viewed the premises with the consent and in the company of counsel. Practice Book § 391; Maltbie, Conn. App. Proc., §§ 149, 161. On these facts it is clear that, even if the bridging of the brook, entirely on the Brookside Knolls property, would be illegal unless it was approved by the town of West Hartford, it would not be a material injury to the plaintiffs' property. Nor would the grading of the extension be an invasion of the plaintiffs' property rights. *New Canaan Country School, Inc.* v. *Rayward,* 144 Conn. 637, 640, 136 A.2d 742; *Nichols* v. *Peck,* 70 Conn. 439, 441, 39 A. 803; 17A Am. Jur. 740, § 132. Indeed, so far as the extension is concerned, if, as the plaintiffs claim, it was not a public street, the defendant owners of the right of way, rather than the plaintiffs, were obligated to maintain it, if anyone was obligated. *Earley* v. *Hall,* 89 Conn. 606, 611, 95 A. 2; *Staples* v. *Bernabucci,* 119 Conn. 443, 448, 177 A. 380.

As previously noted, the declaratory judgment sought in the Wissinger case was to the effect that the defendants could not legally bridge the brook until the town council authorized the bridging and approved the manner of its being done. As we understand the plaintiffs' present position, as stated in their brief, the claim for such a judgment has been abandoned. The present claim of the plaintiffs is that there can be no legal bridging of the brook un-

til there has been an effective and final approval by the town plan and zoning commission of a map showing the layout. Under the circumstances, it is unnecessary to decide whether the declaratory judgment sought should have been rendered.

In the West Hartford case, the declaratory judgment sought was to the effect that the action of the town council in establishing the extension as a public highway was illegal. The plaintiffs assert, as one of the grounds of illegality, that there had been no final approval of the layout by the town plan and zoning commission. On the plaintiffs' own claims, if the appeals pending in the Court of Common Pleas are determined favorably to them, the fundamental issue whether the extension has been legally accepted as a public street will be settled. The trial court therefore had the discretion to find that "the parties should be left to seek redress by some other form of procedure" and to refuse a declaratory judgment on that ground. Practice Book § 277 (c); *Connecticut Savings Bank* v. *First National Bank & Trust Co.,* 133 Conn. 403, 410, 51 A.2d 907. The judgment found the issues for the defendants and did not declare the rights of the parties. This was tantamount to a finding that the plaintiffs had failed to establish a right to a declaratory judgment. On the record before us, we cannot say that the judgment was erroneous.

There remains the question of injunctive relief. It is, with one possible exception, ancillary to the declaratory judgments sought. For this reason it might be sufficient to state that the right to coercive injunctive relief fell with the adverse decision on the prayers for declaratory judgments. The court's refusal to grant the injunctive relief may, however, be sustained on much broader and less technical grounds. The right to injunctive relief is seldom

absolute. *Thompsonville Scale Mfg. Co.* v. *Osgood,* 26 Conn. 16, 17. Where such relief is permissible at all, it usually lies in the sound discretion of the court whether or not to grant it. *Fisk* v. *Hartford,* 70 Conn. 720, 732, 40 A. 906; *Watson* v. *New Milford Water Co.,* 71 Conn. 442, 450, 42 A. 265; *Platt Bros. & Co.* v. *Waterbury,* 72 Conn. 531, 554, 45 A. 154; *Weil* v. *Poulsen,* 142 Conn. 213, 216, 112 A.2d 890.

If we assume, without deciding, that the plaintiffs are correct in their claim that a decision favorable to them in the appeals pending in the Court of Common Pleas would mean, in effect, that the extension could not legally have become a public highway, and if we further assume that the decision will be favorable to them, this would not, under the foregoing facts, preclude the use or improvement of the extension as an appurtenant private roadway, or the building of the bridge on the Brookside Knolls land, either before or after the determination of the appeals. The plaintiffs seem to claim that they are entitled as a matter of law to injunctive relief against any possible surcharge on the strip of land over which the right of way runs, incident to its use as a public highway, pending the decision of the appeals in the Court of Common Pleas. We see no justification on principle or authority for this claim. In the first place, there is admittedly a serious controversy as to whether the extension has been accepted as a public highway. The town of West Hartford has purported so to accept it, and all defendants in both cases claim that it has been so accepted. The plaintiffs claim that the purported acceptance was illegal and a nullity. The court failed to find that the plaintiffs had proven this claim. But that aside, on the plaintiffs' own claims, to enjoin the improvement of the extension would be

violative of a fundamental principle that equity will not interfere where the legal right is doubtful. *Roath* v. *Driscoll,* 20 Conn. 533, 539; *Falls Village Water Power Co.* v. *Tibbetts,* 31 Conn. 165, 168; *Roy* v. *Moore,* 85 Conn. 159, 162, 82 A. 233.

Secondly, the finding makes clear that little if any damage could come to the plaintiffs from any claimed surcharge on the right of way, pending the determination of the appeals in the Court of Common Pleas, even if it ultimately developed that there had been, in fact, a technical surcharge. Under the finding, the only surcharge would be the user of the right of way as a public street by those persons, if any, who could not lawfully use it as a private roadway appurtenant to Brookside Knolls. To enjoin such a user would run counter to the fundamental equitable principle that injunctive relief will generally be granted only when the damage is substantial if not irreparable. *Kamerman* v. *LeRoy,* 133 Conn. 232, 237, 50 A.2d 175; *Brainard* v. *West Hartford,* 140 Conn. 631, 634, 103 A.2d 135; *Wambeck* v. *Lovetri,* 141 Conn. 558, 564, 107 A.2d 395.

Thirdly, it is a fundamental principle that equitable relief, whether injunctive or otherwise, is to be granted, if at all, only on the situation as it exists at the time of trial. *E. M. Loew's Enterprises, Inc.* v. *International Alliance,* 127 Conn. 415, 419, 17 A.2d 525; *Canepari* v. *Townshend,* 142 Conn. 477, 483, 115 A.2d 432. This is true even though past conduct may be considered in determining, at the time of trial, the probability of future conduct warranting injunctive relief. *H. O. Canfield Co.* v. *United Construction Workers,* 136 Conn. 293, 300, 70 A.2d 547. Here, on the plaintiffs' own claims, whether the extension has been legally accepted as a public street by the town of West Hartford will

depend in part upon the outcome of the appeals pending in the Court of Common Pleas. See *Connecticut Light & Power Co.* v. *Fleetwood,* 124 Conn. 386, 391, 200 A. 334. If and when those appeals are finally determined in favor of the plaintiffs, they may be able to prove their right to injunctive relief against further use of the extension as a public highway on the ground of a permanent and continuing, even though technical, surcharge. Upon this point, we express no decisive opinion at this time. See *Connecticut Light & Power Co.* v. *Fleetwood,* supra. Pending the outcome of the appeals, the plaintiffs, on the facts here, have proven no clear right to injunctive relief.

With respect to the claims for injunctive relief in the West Hartford case, it is necessary to add but little to what has already been said. Since the finding does not disclose that the defendants are making any physical changes in the extension which could not be lawfully made in a private right of way, it cannot be said that the court was required to grant the injunctive relief sought in this case, in the light of the fundamental equitable principles hereinbefore mentioned. "Restraining the action of an individual or a corporation by injunction is an extraordinary power, always to be exercised with caution, never without the most satisfactory reasons. Not the applicant only, but the court, must be satisfied that a wrong is about to be done, or an injury is about to be sustained, which, practically, will be irreparable, before resort should be had to this extreme power." *Goodwin* v. *New York, N.H. & H.R. Co.,* 43 Conn. 494, 500; *Brainard* v. *West Hartford,* 140 Conn. 631, 634, 103 A.2d 135.

There is no error.

In this opinion the other judges concurred.