[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff religious society owns a church building and grounds in Washington, Connecticut. While defendant never requested membership in the plaintiff, he did attend church services at plaintiff's church. In 1986, two women members of the congregation had encounters with defendant that each found disturbing. Ms. Steinway testified that in the fall of 1986, defendant sat next to her in church, rubbed against her and made a lewd remark to her. Some months later, he arrived, uninvited at her house. Ms. Dunlap testified CT Page 2168 that defendant obtained her telephone number from her during a coffee hour following a church service in 1986 and called her to ask her out on a date. She declined. He pursued her at church social events and showed up at the Gunnery School where she teaches. He was asked to leave. Apparently, defendant failed to understand that she was not only uninterested in having a social relationship with him, but found his pursuit of her distasteful and distressing. When such concerns were expressed to the pastor of the church, Richard Sears, the deacons of the congregation at first attempted to deal with the problem by sitting around female parishioners during church services to protect them. Some of the women dealt with the problem by arriving for services late and by avoiding coffee hours after services. Finally, in November, 1987, Mr. Sears had a meeting with defendant at which were present the moderator of the congregation, members of the Board of Deacons and the Board of Trustees and Trooper Robert Tomlinson of the state police. At that time, Steinmann was told that he was no longer welcome on the property or in the buildings owned by plaintiff. Following the meeting, Mr. Steinmann attended church services on December 13, 1987.
On March 8, 1988 an order to show cause was issued by this court in connection with plaintiff's motion for a temporary injunction. Following a hearing on March 21, 1988 a temporary injunction was issued by the court (Dranginis, J.) enjoining defendant from entering on the buildings or grounds of plaintiff and from having personal contact with church employees or church members without their consent. In December, 1989, this action was dismissed for dormancy, Practice Bk. Sec. 251. On January 22, 1990, the court granted plaintiff's motion to reopen on condition that the case be heard within 45 days. On March 19, 1990, the court granted plaintiff's motion for an extension of time to close the pleadings. On November 30, 1990, plaintiff filed its claim for the trial list.
This case was tried in January, 1992. Past conduct of the defendant "may be considered in determining, at the time of trial, the probability of future conduct warranting injunctive relief." Labbadia v. Bailey,152 Conn. 187, 192 (1964) quoting Holt v. Wissinger, 145 Conn. 106, 115. This court recognizes that the issuance of an injunction is the exercise of an extraordinary power. See Karls v. Alexander Realty Corp., 179 Conn. 390,401 (1980). In striking a balance between plaintiff's claim to entitlement to a permanent injunction which would prohibit Mr. Steinmann from going on the grounds of plaintiff and Mr. Steinmann's claim to a right to worship in plaintiff's church, this court must be sensitive to the protection afforded the free exercise of religion by the constitutions of Connecticut; Conn. Const., art. I 3; and of the United States; U.S. Const., amend. I. Cf. Daughters of St. Paul, Inc. v. Zoning Board of Appeals, 17 Conn. App. 53,60 (1988). While it is true that the Connecticut Supreme Court rejected the application of Conn. Const., art. I 4 and 14 to require the private owners of a very large shopping center to allow plaintiffs access to an area within the mall to solicit signatures on political petitions and to distribute literature on political questions, that does not mean that plaintiff is entitled, ipso facto, to an injunction here. CT Page 2169
This court recognizes that Mr. Steinmann's behavior before the temporary injunction was issued was obnoxious and may have frightened some of the women in plaintiff's congregation, but to ban forever this 81 year old man from worshipping in the church in which he was married seems a bit drastic and extreme. Indeed, it appears to the court from the evidence at trial, that plaintiff's purpose in seeking this injunction is to protect its female parishioners from Mr. Steinmann's advances. That end may as well be accomplished by a more limited injunction. Therefore, defendant is enjoined from sitting next to any female at plaintiff's services without her permission and from initiating any personal contact with a member or employee of plaintiff without that person's consent.
SUSCO, JUDGE