[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON RESPONDENT'S APPLICATION FOR PROHIBITORYINJUNCTION
This is a memorandum of decision on an application for a prohibitory injunction filed by the respondent mother against the Connecticut Department of Children and Families (DCF). The respondent mother seeks to prohibit DCF from investigating families without a referral. The record reveals the following:
Respondent mother, Deborah B. and respondent father, Donald B., are the parents of five minor children. Two children, Amber and Donald Jr., are in the custody of DCF under a court order of commitment. Three children, Danielle B. age 7, Felicia B. age 6, and Vincent B. age six months, remain in the legal custody of the parents at their home.
Pursuant to an earlier adjudication of neglect, Danielle and Felicia were placed under an order of Protective Supervision. The order of Protective Supervision expired on May 29, 1997. Sometime in July or early August or 1997, DCF received the first anonymous call stating that the parents were not caring for Danielle and Felicia adequately.
Although protective supervision had ended, a DCF social worker admits to conducting an investigation of this anonymous report sometime in September of 1997. Specifically, the social worker went to the respondent parents' home and asked for permission to speak with their baby-sitter about the care Danielle and Felicia were receiving. The DCF social worker told the respondent mother that DCF had a right to conduct this investigation, including questioning the baby-sitter and the parents yielded to this request. Thereafter, the DCF social worker went to the home of the baby-sitter and inquired about the CT Page 4092 children's care. There is no evidence of improper care on the record. However, the baby-sitter then declined to continue providing baby-sitting services to the respondents because she did not appreciate being questioned by DCF.
On September 26, 1997, after the social worker spoke to the baby-sitter, respondent mother Deborah B., through her counsel, filed an application for a prohibitory injunction seeking an order prohibiting the Department of Children and Families from conducting an investigation without a pending petition or complaint.[1]
On October 29, 1997, this court heard testimony and arguments on said application and requested briefs to be filed by both the respondent mother and DCF. On December 4, 1997, respondent mother filed a brief in support of said application. In her brief, she argues that DCF violated her federal constitutional rights to privacy, family integrity and due process by conducting said investigation on the basis of intentionally false referrals. She further argues that the investigation exceeded DCF's statutory authority.
On December 17, 1997, petitioner DCF responded by filing a memorandum in support of denying the respondent's application for an injunction. In its memorandum, DCF argues that reports were made by anonymous sources and that it was performing its statutorily mandated responsibilities by investigating the care and condition of Felicia, Danielle and Vincent who remained at home with respondent parents. The department further argues that the respondent parents gave their consent for DCF to question the baby-sitter.
On January 12, 1998, the Court heard oral arguments in this case. At this hearing DCF, through its counsel, the Assistant Attorney General of the State of Connecticut, stated on the record that DCF will not conduct investigations without a referral. On February 4, 1998, after the conclusion of oral arguments, respondent mother filed a supplemental brief in support of the application for prohibitory injunction.
 ANALYSIS
A "substantial invasion of rights" if not "irreparable harm" must be demonstrated as a prerequisite to the granting of injunctive relief. Holt v. Wissinger, 145 Conn. 106, 115 (1958). Furthermore, the Court has broad discretionary powers in deciding whether to grant injunctive relief. The Court is required to balance the equities in such cases based upon the situation as developed at trial. CT Page 4093
 No Factual Basis
The respondent mother's argument seems to be factually without merit. Her arguments are based upon the premise that no referral had been made with regard to the respondent parents and Felicia, Danielle, and Vincent. However, testimony given to this court by the DCF social worker, clearly proves that an anonymous call was placed to DCF prior to its investigation.
 Constitutional Claims
The respondent mother argues that her fundamental rights afforded her by the federal constitution were violated when DCF conducted its investigation. These fundamental rights include the rights to privacy, family integrity and due process. The right to privacy as a fundamental federal constitutional right is well established. See Row v. Wade, 410 U.S. 113, 155 (1973). It is also well established that the right to family integrity is an essential and basic aspect of familial privacy because it ensures the right of the family to remain together without the coercive interference of the state. In re Juvenile Appeal (83-CD),189 Conn. 276, 284 (1983). The Connecticut Supreme Court has adopted a two part test for considering fundamental rights. Firstly, coercive intervention by the state is justified only by a compelling state interest. Secondly, coercive intervention by the state is justified only if narrowly drawn to express the legitimate state interest at stake. Id. at 285.[2]
DCF, however, is obligated by statute to investigate reports of child neglect. See Connecticut General Statutes § 17a-3
(1997). This statutory authority passes the aforesaid two part test.
As to the respondent mother's due process claim, she has not asserted what process was denied. The Court considers this claim to have been abandoned.
 Statutory Claims
Respondent mother also argues that because Connecticut General Statutes § 17a-3 restricts DCFs powers to investigate only in cases of neglected, uncared for or abandoned children, this investigation exceeded DCF's authority. That is, because DCF was not investigating the children it had in its care but other CT Page 4094 children remaining in the home, it had no authority to do so. This argument must fail inasmuch as DCF was acting upon a referral when it conducted the investigation.
 Irreparable Harm
Respondent mother argues that she has suffered irreparable harm because she lost a reliable and inexpensive baby-sitter as a result of DCF's investigation. In this regard the respondent mother asserts that she is unable to pay for higher-priced baby-sitting services, and that she will be forced to leave her employment in order to baby-sit her children. Respondent mother's claim of irreparable harm must fail for the reasons that 1) there is no proof of actual out-of-pocket damages, and 2) any such damages may be compensable. Moreover, irreparable harm in the context of this request for injunctive relief presupposes improper action by DCF. In this case, DCF acted properly by conducting the investigation based on the referral made in September of 1997.
 Conclusion
Inasmuch as the respondent mother has not established 1) a factual basis demonstrating an investigation without a referral 2) a violation of any statutory or constitutional rights, nor 3) any resultant irreparable injury, the application for injunctive relief is denied.
CLARENCE J. JONES, JUDGE